IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-cv-03592-CYC

HECTOR JIMENEZ FACIO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora Contract Detention Facility;
ROBERT HAGAN, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary of U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as Attorney General of the United States;

      Respondents.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Hector Jimenez Facio, a detainee at the Aurora Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because that statute makes detention discretionary and, with certain exceptions, requires a bond hearing, he seeks an order instructing the respondents to provide such a hearing. ECF No. 1 ¶ 5. Courts have overwhelmingly adopted the petitioner's argument. The respondents provide no reason to depart from that consensus. The Court grants the Petition in part.

## BACKGROUND

The petitioner, a native of Mexico, entered the United States twenty-eight years ago. ECF No. 11-1 ¶4; ECF No 1-1 at 1, 24–25. Three years ago, his adult daughter filed a Form I-130 Petition for Alien Relative on his behalf, which the U.S. Citizenship and Immigration Service approved in November 2023. ECF No. 11-1 ¶ 7; ECF No. 1-1 at 24–31.

Nevertheless, U.S. Immigration and Customs Enforcement ("ICE") detained the petitioner some six months ago. ECF No. 11-1 ¶ 9; ECF No. 1-2 at 7. That same day, ICE issued him various documents. ECF No. 1-1 at 3, 7, 9. Each one indicated that ICE was detaining the petitioner under Section 236 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226, which offers the possibility of bond pending a decision on removal. *Id.* § 1226(a)(2). But when the petitioner appeared before an Immigration Judge on July 18, 2025, he suffered an about-face: the judge concluded that section 235 of the INA, codified at 8 U.S.C. § 1225, was the operative detention statute, mandating detention and divesting her of the ability to hold a bond hearing. ECF No. 1-1 at 11. The petitioner appealed to the Board of Immigration Appeals. The appeal is pending. ECF No. 11-1 ¶¶ 15–21.

The Petition followed. Count One of the Petition alleges a violation of 8 U.S.C. § 1226(a) based on the petitioner's being detained without a bond hearing. ECF No. 1 ¶¶ 50–52. Count Two alleges a violation of the Due Process Clause of the Fifth Amendment based on that same factual predicate. *Id.* ¶¶ 53–56. Regardless of the form of the claim, the Petition requests the same relief: an order requiring the respondents to provide the petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. ECF No. 1 at 8–15.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that he has received no such hearing. For their part, the respondents contend that 8 U.S.C. § 1225, which mandates detention and precludes a bond hearing, applies instead. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243.

In analyzing this issue, the Court does not write on a pristine page. "Section 1226(a) sets out the default rule" governing detention of "certain aliens already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 288–89. By contrast, section 1225 provides, in relevant part:

> in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Courts have therefore held, with a regularity bordering on the monotonous, that because section "'1225(b)(2)(A) applies only to those noncitizens who are actively "seeking admission" to the United States, it cannot, according to its ordinary meaning,

3

apply to persons who have already been residing in the United States for several years.'" *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at \*6 (D. Colo. Oct. 22, 2025) (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025)); *see id.* at \*5 (collecting cases that collect cases that "overwhelmingly reject[]" respondents' argument). This includes every decision in this District addressing the issue. *See, e.g., Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at \*1–4 (D. Colo. Nov. 14, 2025); *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at \*1–8 (D. Colo. Oct. 24, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at \*1–2 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908, at \*4–9 (D. Colo. Oct. 17, 2025) (characterizing argument that application for U-Visa rendered petitioner subject to section 1225 as a "nonstarter"); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at \*2–3 (D. Colo. Sept. 16, 2025).

The respondents demur. While paying lip service to the aforementioned decisions, they dismiss them as "nonprecedential" in urging a different result here. ECF No. 11 at 2–3, 9–22. But they "make no attempt to distinguish the authority rejecting their arguments." *Barreno*, 2025 WL 3190936, at \*1. Instead, they simply rehash the same arguments other judges in this District have already rejected. There is little to be gained, then, from explaining another such rejection. A court, after all, should "resist the temptation to repastinate ground already well-spaded by other tribunals which have heard—and overruled—these selfsame arguments." *Quigley v. Vose*, 834 F.2d 14, 15 (1st Cir. 1987).

The short of it is that "for section 1225(b)(2)(A) to apply, several conditions must be met—in particular, an 'examining immigration officer' must determine that the individual is: (1) an 'applicant for admission'; (2) 'seeking admission'; and (3) 'not clearly and beyond a doubt

entitled to be admitted.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass. 2025). The

petitioner entered the United States in 1997. ECF No. 11-1 ¶4; ECF No 1-1 at 1, 24–25. ICE

detained him twenty-eight years later. ECF No. 11-1 ¶ 9; ECF No. 1-2 at 7. Such an individual is

not "seeking admission" under 8 U.S.C. § 1225(b)(2)(A), nor subject to its mandatory detention.

       If more were needed, the documents issued to the petitioner indicate that he was detained

under Section 1226. *See* Notice to Appear, ECF No. 1-1 at 3 (checking box indicating that the

petitioner is "an alien present in the United States who has not been admitted or paroled," not the

box for arriving aliens); Notice of Custody Determination, *id*. at 7 (explicitly noting that the

petitioner was detained pursuant to section 236 of the INS); Warrant for Arrest of Alien, *id*. at 9

(relying on section 236 of the INA for issuance of an arrest warrant for the petitioner); *see also*

*Martinez*, 792 F. Supp. 3d at 215 (pointing to a document given to the petitioner by Border Patrol

which stated that she was arrested and placed in removal proceedings "[i]n accordance with

section 236" of the INA). And "Respondents do not argue that they exercised some available

procedural right to change the legal basis of [the petitioner's] arrest and detention. Nor do

Respondents cite authority supporting the idea that they possessed that unilateral right." *Jose*

*J.O.E. v. Bondi*, --- F. Supp. 3d ---, 2025 WL 2466670, at *8 (D. Minn. Aug. 27, 2025). In short,

while the documents are not "dispositive," they "further support[] the conclusion that" the

petitioner "is detained under § 1226." *Loa Caballero*, 2025 WL 2977650, at *8.

       For all of these reasons, the petitioner is entitled to relief on Claim One because he is

actually detained under 8 U.S.C. § 1226 and therefore entitled to a bond hearing. *Barreno*, 2025

WL 3190936, at *2.

       The respondents also challenge the Petition's alternate grounds of seeking relief based on

due process. They contend first that the petitioner has been deprived of no statutory right. ECF

No. 11 at 20. But given the conclusion above that Section 1226 governs the question of the petitioner's detention and "that aliens detained under § 1226(a)" should "receive bond hearings at the outset of detention," *Jennings*, 583 U.S. at 306, it is no stretch to find that the Immigration Judge's denial of a bond hearing denied him his statutory rights. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(d). The respondents next posit a lack of prejudice, ECF No. 11 at 20, but this is not a case where the petitioner "contests none of the facts" leading to "the result in the case" of detention, *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1163 (10th Cir. 2003), nor is it one where there is no "delta between the process Petitioner has received and the process he may be due." Order at 13, *Bonilla-Espinoza v. Ceja*, No. 25-cv-01120-GPG, ECF No. 11 (D. Colo. May 21, 2025). To the contrary, "Respondents have not offered any explanation for" the petitioner's "detention other than their initial assertion that it is mandatory." *Lopez Benitez*, 795 F. Supp. 3d at 495. "Such an assertion is precisely the *opposite* of an exercise of discretion," which is the process the petitioner is due. *Id.* Finally, the respondents argue that the length of the petitioner's detention does not give rise to due-process concerns, but their argument again hinges upon mandatory detention applying here. *See* ECF No. 11 at 20–21. It does not.

Resolution of the due-process question may be unnecessary, given that Claim One already entitles the petitioner to relief. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). But to the extent it is, "the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation." *Garcia Cortes*, 2025 WL 2652880, at *4. After all, "the facts clearly demonstrate that [the petitioner] was entitled to more process than he received pursuant to § 1226(a) and its implementing regulations." *Lopez Benitez*, 795 F. Supp. 3d at 495 (quotation marks omitted). No more is exigible.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 13. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **five days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Entered and dated this 12th day of December, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

7